UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:19-CR-150-TAV-DCP-2 |
| DEJUAN PORTER, | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

Before the Court is Terri Essex's ("Petitioner") third-party Petition for Return of Property. [Doc. 99]. The Government filed a Response in opposition to the Petition. [Doc. 102]. United States District Judge Thomas A. Varlan referred the motion to the undersigned on October 28, 2021 [Doc. 104]. For the following reasons, the undersigned **RECOMMENDS** that the Petition be **DENIED**.

### I. PROCEDURAL HISTORY

On November 19, 2019, a First Superseding Indictment [Doc. 24] was filed, charging Dejuan Porter ("Defendant") and others with conspiracy to distribute a quantity of a mixture and substance containing five kilograms or more of cocaine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count One), and with knowingly possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Six), as well as other charges. In the forfeiture allegations of the First Superseding Indictment, the Government sought forfeiture pursuant to 21 U.S.C. § 853 of Defendant's interest in any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be

used, in any manner or part, to commit, or to facilitate the commission of violations of 21 U.S.C. §§ 841 and/or 846, and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) in any firearms and ammunition involved in the commission of 18 U.S.C. § 924(c).

A Plea Agreement was filed on February 21, 2020 [Doc. 49] in which Defendant agreed to plead guilty to a lesser-included offense of Count One as well as Count Four and Count Six contained within the First Superseding Indictment. Additionally, Defendant agreed to forfeit any and all assets and property, or portions thereof, which are in the possession or control of Defendant or Defendant's nominees that were used and intended to be used in any manner or part to commit and to facilitate the commission of the violations charged in the First Superseding Indictment, and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of Defendant's criminal activities which are in the possession or control of Defendant or Defendant's nominees, including the assets listed in the First Superseding Indictment. Specifically, Defendant agreed and admitted that assets seized by the Government—including a Smith & Wesson .380 pistol[1]—are directly traceable to the offenses listed in Count One and Count Six and are forfeitable in their entirety under 21 U.S.C. § 853 and 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c). The pistol and currency were seized from Defendant and Petitioner on or about August 28, 2019 at 4737 Scepter Way, Knoxville, Tennessee. *See* [Doc. 102 at 2 n.1]. Defendant admitted in the Plea Agreement "that he carried, possessed, and used the firearms in furtherance of his drug trafficking

---

[1] Petitioner has requested the return of a "S&W Bodyguard .380 Pistol Serial No. KDS4607 and U.S. currency of $2,150.00" that were seized with the firearm appearing to be the same Smith & Wesson pistol mentioned in the Plea Agreement and the Government's Response to the Petition. *Compare* [Doc. 99 (the Petition)], *and* [Doc. 49 (the Plea Agreement)], *with* [Doc. 102 (Government's Response) ("S&W Bodyguard .380 Pistol, Serial No. KDS4607 (with loaded magazine) and $2,150.00 U.S. currency . . . .")].

activities." [Doc. 49]. On March 26, 2021, the Court accepted Defendant's guilty plea and determined that the properties above were subject to forfeiture.

## II. ANALYSIS

The criminal forfeiture statute provides a thirty-day window for third parties to petition the court for a hearing to adjudicate the validity of their alleged interest in property which has been ordered forfeited to the United States. Specifically, Title 21, United States Code, Section 853(n)(2) provides, "Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property."

The government submits that as required by 21 U.S.C. § 853(n) and Rule 32.2(b) of the Federal Rules of Criminal Procedure, it sent notice to all parties known to have a possible interest in this property and gave direct notice to Petitioner on July 16, 2021, by mailing a copy of the Notice of Forfeiture [Doc. 76] and the Agreed Preliminary Order of Forfeiture [Doc. 74] to her. Petitioner received service of the Notice and Order on July 20, 2021 [Doc. 79], and the Government also published notice of the forfeiture, including publication on a government operated website for at least thirty (30) consecutive days, ending on August 14, 2021. [Doc. 98].

Pursuant to 21 U.S.C. § 853(n)(2), the earlier date of July 20, 2021 started the thirty-day clock, and therefore, Petitioner's deadline for filing the Petition was August 19, 2021, thirty (30) days from the date of the receipt of direct service. Petitioner filed the instant Petition on August 20, 2021 [Doc. 99]—one day after the statutory limit. 21 U.S.C. § 853(n)(2) provides, "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication

3

of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property." The Court agrees that the Petition was not timely filed and therefore must be dismissed on that ground. *United States v. Marion*, 562 F.3d 1330, 1341 (11th Cir. 2009) (District Court erred in not dismissing petition for return of property that was untimely filed).

The Petition is deficient in other respects, as well. In order to submit a valid third-party claim, a petitioner must comply with 21 U.S.C. § 853(n)(3), which mandates that a petition "shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts . . . and the relief sought." 21 U.S.C. § 853(n)(3). "Federal courts require strict compliance with the pleading requirements of § 853(n)(3), primarily because there is a substantial danger of false claims in forfeiture proceedings." *United States v. Carvajal*, No. 3:15-cr-56, 2016 WL 7191687, at *1 (E.D. Tenn. Dec. 12, 2016) (quoting *United States v. Burge*, 829 F. Supp. 2d 664, 667 (C.D. Ill. 2011)).

Here, the Petitioner failed to sign the Petition under penalty of perjury, making the Petition insufficient on its face. Furthermore, the Petitioner only asks for the return of the property and fails to set forth the nature and extent of the interest in the property, or the time and circumstances of her acquisition of the interest in the property, as required. *See United States v. Salti*, 579 F.3d 656, 670 (6th Cir. 2009) ("The allegation that the funds to be forfeited were previously in [the claimant's] name does not, by itself, confer standing [in a forfeiture proceeding]." Because the Petitioner does not set forth the "nature and extent of the . . . right, title, or interest in the property" or the time and circumstances under which she acquired any interest in specific property, Petitioner's claim should be dismissed. *See United States v. Beltran-Chimal*, No. 3:15-CR-56-

4

TAV-CCS-11, 2017 WL 1102705, at *1 (E.D. Tenn. Mar. 23, 2017) (granting Government's motion to dismiss third-party petitioner's claim without a hearing on the matter); *United States v. Kokko*, No. 06-20065-CR, 2007 WL 2209260, at *5 (S.D. Fla. July 30, 2007) ("Failure to file a petition that satisfies the requirements of § 853(n)(3) is grounds for dismissal without a hearing.").

### III. CONCLUSION

Because the Petition fails to comply with the requirements of 21 U.S.C. 853(n), the Court **RECOMMENDS** that the Petition for Return of Property [Doc. 99] be **DENIED**.[2]

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).