UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No.: 3:19-cr-150-TAV-DCP-2 |
| DEJUAN MAURICE PORTER, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court on defendant's pro se "Motion with Incorporated Memorandum for Return of Non-Forfeited Property Pursuant to Fed. R. Crim. P. 41(g)" [Doc. 142]. Defendant specifically requests the return of a 2017 Jaguar F Pace ("Subject Vehicle"), which was seized, but not forfeited pursuant to the Plea Agreement [*Id.*].

The government responds [Doc. 146], that the Subject Vehicle is not in the custody of the United States. Specifically, the government states that the Subject Vehicle was forfeited by the State of Tennessee on December 23, 2019 [*Id.* at 3–4]. In support, the government attaches an Order of Administrative Forfeiture for a 2017 Jaguar F-Pace seized from Dejuan Porter by the Knoxville Police Department on August 28, 2019, which was entered on December 23, 2019, by the Tennessee Department of Safety [Doc. 146-1, p. 1].

Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). This Rule "'may be invoked . . . to seek the return of property that was seized but not forfeited.'" *Shaw v. United States Dep't of Homeland Security*, No. 1:21cv1272, 2022 WL 1289228, at *3 (N.D. Ohio Apr. 29, 2022)

(quoting *Suggs v. United States*, 256 F. App'x 804, 806 (7th Cir. 2007)). But recovery is only permitted under Rule 41(g) if the property is in the possession of the federal government. *Id.* (citing *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007)). "[I]f the Government no longer possesses the property at issue, no relief is available under Rule 41(g)." *Id.* (internal quotation marks omitted). And defendant bears the burden of "showing real or constructive possession of the property by the federal government." *United States v. Obi*, 100 F. App'x 498, 499 (6th Cir. 2004).

Here, defendant has provided no evidence that the Subject Vehicle was ever in the possession of the federal government. And the government has provided affirmative evidence that the Subject Vehicle was seized by the State of Tennessee, rather than the United States. As a result, defendant cannot obtain relief under Rule 41(g). Defendant's pro se motion for return of property [Doc. 142] is therefore **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE